[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 20, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-14218
Non-Argument Calendar

_____

D.C. Docket No. 04-80044-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HAROLD TODD, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 20, 2005)**

Before EDMONDSON, Chief Judge, TJOFLAT and DUBINA, Circuit Judges.

PER CURIAM:

Defendant-Appellant Harold Todd appeals his conviction and 262-month sentence for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § § 922(g)(1) and 924(e). We affirm Defendant's conviction, vacate his sentence, and remand for resentencing.

Defendant contends that his Confrontation Clause rights were violated by the introduction at trial of a 911 call. The West Palm Beach Police Department received a 911 call on 5 November 2003 that disconnected; a civilian 911 dispatch operator immediately returned the call. The dispatcher spoke with an unidentified female who said that a man was holding his girlfriend at gunpoint in a nearby apartment. The unidentified female also said that the parties in the nearby apartment had been fighting, and she described the male as a black male named "Harold" and described the gun as a black handgun.

Police officers responded to the address of the 911 caller and heard a woman screaming loudly for help. A gathering crowd directed the officers to apartment 4. The officers entered apartment 4 and saw Defendant striking a woman. In plain view, on the bed, was a .38 caliber revolver within Defendant's reach. At first, Defendant ignored the officers command to stop; one officer struck Defendant. Although Defendant dropped down on one knee, the officers observed that he lunged toward the firearm. At the police station, Defendant told the

officers that he used the gun only to scare his girlfriend and acknowledged that he was not allowed to have a firearm as a convicted felon. Defendant also said the gun was given to him by his father who recently died.

The government offered the 911 tape into evidence relying on the excited-utterance and present-sense-impression exceptions to the hearsay rule. Defendant objected to the applicability of the exceptions and argued further that, hearsay exceptions notwithstanding, the 911 tape was inadmissible "testimonial hearsay" under Crawford v. Washington, 124 S.Ct. 1354 (2004). The district court admitted the tape.

On appeal, Defendant pursues only his Confrontation Clause challenge to the admission of the 911 tape. In Crawford, the Supreme Court determined that the Sixth Amendment's Confrontation Clause prohibits the government from introducing "testimonial" hearsay, irrespective of indicia of reliability unless the witness who made the out-of-court statement was unavailable and previously had been subjected to cross-examination[1]. Id. at 1374. Crawford leaves expressly to another day a comprehensive definition of "testimonial," but offers this guidance:

---

[1]In so ruling, the Supreme Court concluded that the previously applicable test set out in Ohio v. Roberts, 100 S.Ct. 2531 (1980), was fundamentally flawed. Crawford, 124 S.Ct. at 1371. Under Roberts, the Confrontation Clause was deemed satisfied if the out-of-court statement had "adequate 'indicia of reliability,'" a standard that was met if the statement fell within a "firmly rooted hearsay exception" or had "particularized guarantees of trustworthiness." Roberts, 100 S.Ct. at 2539.

> Whatever else the term covers, it applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations. These are the modern practices with closest kinship to the abuses at which the Confrontation Clause was directed.

Id. Testimonial statements under Crawford may possibly also include, among others, affidavits, custodial examinations, confessions, depositions, prior testimony without the benefit of cross-examination, and "statements that declarants would reasonably expect to be used prosecutorially." Id. at 1364.

Federal and state court decisions post-Crawford have struggled with the meaning of "testimonial" in the context of 911 calls; most courts have concluded that the 911 statements under review were not testimonial. See, e.g., United States v. Brun, 416 F.3d 703, 707 (8th Cir. 2005) (child's excited utterances during 911 call nontestimonial); Pitts v. State, 612 S.E.2d 1, 5 (Ga. App. 2005) (statements in 911 calls made while incident actually occurring not testimonial); Leavitt v. Arave, 383 F.3d 809, 830 n.22 (9th Cir. 2004), cert. denied, 125 S.Ct. 2540 (2005) (murder victim's identification of defendant in 911 call made during a home intrusion the night before the murder not testimonial); State v. Wright, 686 N.W.2d 295, 302 (Minn.Ct.App. 2004) (statements in 911 call made moments after a criminal offense not testimonial); but see State v. Parks, 116 P.3d 631, 640

(Ariz.App.Div. 2005) (rejecting categorical classification of all excited utterances as non-testimonial for Crawford purposes); Peoples v. Cortes, 781 N.Y.S.2d 401, 415 (Sup.Ct. 2004) (statements of witness to on-going shooting made to 911 dispatcher testimonial under Crawford).  We need not weigh in on this issue: even if we were to assume that Defendant's's Confrontation Clause rights were violated, the error was harmless beyond a reasonable doubt.

Two police officers responding to the 911 call heard screaming from apartment 4.  Upon entry, Defendant was observed by them striking a woman.  The officers saw a revolver in plain view within Defendant's reach.  Although neither officer saw Defendant actually hold the gun, testimony was presented that Defendant appeared to reach for the gun during his struggle with the officers.  One officer testified also that Defendant -- after being advised of his Miranda rights -- admitted to possession of the gun to scare his girlfriend, albeit he claimed to have no intent to fire it.  Defendant also told the officers that the gun was given to him by his father and that he knew, as a convicted felon, he was unallowed to possess a firearm.  In the light of the evidence linking Defendant to the gun, the introduction of the 911 tape was harmless beyond a reasonable doubt.  See Delaware v. Van Arsdall, 106 S.Ct. 1431, 1438 (1986) (no reversal of conviction for Confrontation Clause violation that was harmless beyond a reasonable doubt).

5

Defendant also challenges his sentence under United States v. Booker, 125 S.Ct. 738 (2005)[2]; he argues that the district court violated his Fifth and Sixth Amendment rights when it enhanced his sentence under the armed career criminal provisions of 18 U.S.C. § 924(e) where (i) the indictment did not include his prior felony convictions; and (ii) the sentencing court made the additional factual determinations that his prior felony convictions qualified as "serious drug offenses" within the meaning of 18 U.S.C. 924(e)(2)(A).

In Almendarez-Torres v. United States, 118 S.Ct. 1219 (1998), the Supreme Court determined that the fact of prior convictions need not be alleged in the indictment nor proved beyond a reasonable doubt to form the basis for a sentence enhancement. Booker, 125 S.Ct. at 756, confirmed Almendarez-Torres when it too spoke to "a fact (other than a prior conviction)." And we have stated expressly post-Booker that Almendarez-Torres remains good law. United States v. Orduno-Mireles, 405 F.3d 960, 962-63 (11th Cir.), petition for cert. filed (U.S. July 1, 2005) (No. 04-6961). No constitutional Booker error has been shown. See United States v. Marseille, 377 F.3d 1249, 1257 (11th Cir. 2004) (rejecting argument that

---

[2]Defendant's brief, filed before the Booker decision was announced, casts his claim in terms of Blakely v. Washington, 124 S.Ct. 2531 (2005). Because Booker applies to all cases pending on direct appeal, 125 S.Ct. at 769,we review Defendant's claim under Booker. Because Defendant raised his constitutional challenge in the district court, preserved error review applies.

district court erred under <u>Blakely</u> when it enhanced sentence under 18 U.S.C. 924(e) and U.S.S.G. § 4B1.4 based on uncharged prior convictions); <u>Shepard v. United States</u>, 125 S.Ct. 1254, 1257 (2005) (whether predicate convictions are "violent felonies" for purposes of 18 U.S.C. 924(e)(2)(b) remains matter of law to be determined by court by reference to statutory elements, charging documents and jury instructions).

Defendant's preserved constitutional challenge under <u>Blakely</u> also serves to preserve a statutory claim under <u>Booker</u>. <u>See</u> <u>United States v. Dowling</u>, 403 F.3d 1242, 1244-46 (11th Cir. 2005) (noting that a "citation to <u>Apprendi</u> or to other cases in that line of cases" allows preserved <u>Booker</u>-error review). Statutory <u>Booker</u> error exists when the district court misapplies the sentencing guidelines by considering them as mandatory as opposed to advisory. <u>United States v. Shelton</u>, 400 F.3d 1325, 1331 (11th Cir. 2005). The district court determined the sentencing range under the guidelines to be 262 to 327 months; it sentenced Defendant under the mandatory guidelines to 262 months. Statutory <u>Booker</u> error has been shown.

We must determine whether the statutory error was harmless. As we have stated,

> [t]here are two harmless error standards. One of them applies to <u>Booker</u> constitutional errors, the other to <u>Booker</u> statutory errors.... <u>Booker</u> statutory errors ... are

> subject to [a] less demanding test.... A non-constitutional error is harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the sentence, or had but very slight effect. If one can say with fair assurance that the sentence was not substantially swayed by the error, the sentence is due to be affirmed even though there was error.

United States v. Mathenia, 409 F.3d 1289, 1291-92 (11th Cir. 2005) (citations, quotations, and alterations omitted). And, in preserved error review, the government bears the burden of proving harmless error. Id. at 1292. After review of the sentencing proceedings, we cannot say with fair assurance that Defendant's sentence was not swayed substantially by the mandatory application of the guidelines. "We simply do not know what the sentencing court would have done had it understood the guidelines to be advisory rather than mandatory, and had properly considered the factors in 18 U.S.C. § 3553(a)." United States v. Davis, 407 F.3d 1269, 1271 (11th Cir. 2005).

We AFFIRM Defendant's conviction; we VACATE Defendant's sentence and REMAND for resentencing consistent with the remedial holding of Booker.