[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 6, 2006
THOMAS K. KAHN
CLERK

------------------------------------------
No. 06-10932
Non-Argument Calendar
------------------------------------------

D.C. Docket No. 04-80044-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HAROLD TODD, JR.,

Defendant-Appellant.

----------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Florida
----------------------------------------------------------------

**(November 6, 2006)**

Before EDMONDSON, Chief Judge, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Defendant-Appellant Harold Todd, Jr. appeals his 200-month sentence for possession of a firearm by a convicted felon, 18 U.S.C. §§ 922(g)(1) and 924(e). No reversible error has been shown; we affirm.

The district court sentenced Todd under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), which provides a mandatory minimum sentence of 15 years' imprisonment for a defendant who is convicted under 18 U.S.C. § 922(g)(1) and who has three earlier convictions for violent felonies or serious drug offenses. Todd also received an armed career criminal enhancement under U.S.S.G. § 4B1.4(b)(3)(A). The district court determined that Todd's Guidelines imprisonment range was 262 to 327 months; and the district court sentenced him to 262 months' imprisonment.

Todd appealed his conviction and sentence, arguing, among other things, that under the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005), the district court violated his Fifth and Sixth Amendment rights when it enhanced his sentence under the ACCA and its corresponding Guideline, U.S.S.G. § 4B1.4. We rejected Todd's argument and explained that the Supreme Court's decision in Almendarez-Torres v. United States, 118 S.Ct. 1219 (1998) -- which determined that the government need not allege in an indictment, nor prove beyond a reasonable doubt, that a defendant had a prior conviction for a district

2

court to use that conviction to enhance a sentence -- remained good law after Booker. Although we affirmed Todd's conviction, we vacated his sentence and remanded for resentencing "consistent with the remedial holding of Booker" because the district court erred in sentencing Todd under a mandatory Guidelines system. See United States v. Todd, 157 Fed. Appx. 108, 111-12 (11th Cir. 2005), cert. denied, 126 S.Ct. 1414 (2006).

On remand, the district court resentenced Todd to 200 months' imprisonment. Todd appeals this sentence; and for the second time before us, he argues that his Fifth and Sixth Amendment rights were violated when the district court sentenced him as an armed career criminal based on prior convictions that were not alleged in his indictment or proved to a jury beyond a reasonable doubt. Todd concedes that we previously determined that it was not error for the district court to sentence him under the ACCA; but he asserts that he raises this issue again to preserve it for possible review by the Supreme Court.

The law-of-the-case doctrine precludes review of Todd's argument for a second time in the instant appeal. See United States v. Escobar-Urrego, 110 F.3d 1556, 1560 (11th Cir. 1997) (explaining that, under the law-of-the-case doctrine, "an issue decided at one stage of the case is binding at later stages of the same case"); Luckey v. Miller, 929 F.2d 618, 621 (11th Cir. 1991) ("Adherence to the

3

law of the case decrees that the findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal.") (internal quotation omitted).[1]  Still we repeat that, because the Supreme Court has not explicitly overruled Almendarez-Torres, we continue to follow that decision.  See United States v. Martinez, 434 F.3d 1318, 1323 (11th Cir.), cert. denied, 126 S.Ct. 2946 (2006).

AFFIRMED.

---

[1]The law-of-the-case doctrine bars reconsideration of an issue we previously decided unless (1) new evidence that is substantially different is presented; (2) controlling authority has made a contrary decision of the law applicable to such issues; or (3) the decision was clearly erroneous and would work a manifest injustice. See Escobar-Urrego, 110 F.3d at 1561.  None of these exceptions applies here.