[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 27, 2005
THOMAS K. KAHN
CLERK

No. 03-15931
Non-Argument Calendar

_____

D. C. Docket No. 03-00017-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REGINALD MOLDEN,
a.k.a. Reginald Troutman,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(July 27, 2005)**

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before BLACK, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

This case is before the Court for consideration in light of United States v. Booker, 543 U.S. __, 125 S. Ct. 738, __ L. Ed. 2d __ (2005). We previously affirmed Appellant's conviction and 110-month sentence for being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). See United States v. Molden, Case No. 03-15931, 112 Fed. Appx. 3 (11th Cir. 2004) (Table) (unpublished) ("Molden I"). The Supreme Court vacated our prior decision and remanded the case to us for further consideration in light of Booker. We asked for, and have received, supplemental briefs from the parties on the effect of Booker on this case.

On reconsideration, we first note that Molden is entitled to preserved error review because he objected to the sentencing enhancement, based on the semi-automatic weapon, at sentencing. See United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005). Thus, we will review his claim de novo, but will reverse only for a harmful error. Id. The government bears the burden to prove that a preserved Booker error was harmless. Id. There are two types of Booker error: (1) a Sixth Amendment error -- that is, imposing a sentencing enhancement based on judicial findings that go beyond the facts admitted by the defendant or found by the jury; and (2) a statutory, or non-constitutional error -- that is, being sentenced under a mandatory sentencing guidelines scheme that is mandatory. See United States v.

Shelton, 400 F.3d 1325, 1330-31 (11th Cir. 2005); see also United States v. Mathenia, 2005 WL 1201455, *2 (11th Cir. May 23, 2005). A Booker constitutional error is harmless where the government can show, beyond a reasonable doubt, that the error did not contribute to the defendant's ultimate sentence. Paz, 405 F.3d at 948-49. A Booker non-constitutional error "is harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the [sentence], 'or had but very slight effect.'" United States v. Hornaday, 392 F. 3d 1306, 1315 (11th Cir. 2004) (citations omitted) (quoting Kotteakos v. United States, 328 U.S. 750, 762, 763, 66 S. Ct. 1239, 1246, 1248, 90 L. Ed. 1557 (1946)).

According to the PSI, Molden's base offense level was 20 under U.S.S.G. § 2K2.1(a)(4)(A). The probation officer recommended, and the district court imposed, a four-level upward adjustment, pursuant to § 2K2.1(b)(5), for possessing a firearm in connection with another felony offense (an aggravated assault on a law enforcement officer). As the government concedes, in its supplemental letter brief, this case involves both Booker constitutional error -- the district court enhanced Molden's sentence based on a fact not found by the jury or charged in the indictment[1]

---

[1]The jury found Molden guilty of being a felon in possession of a firearm. At sentencing, the district court made the additional finding that Molden committed an aggravated assault in the course of the same incident.

-- and Booker non-constitutional, or statutory, error -- after adopting the PSI and its recommended Guidelines range, the district court treated the resulting range as mandatory.

Moreover, again as conceded by the government in its supplemental brief, we cannot tell whether the district court would impose the same sentence, (1) without the impermissible factfinding (constitutional error), or (2) under the advisory scheme now mandated by Booker (non-constitutional error). Accordingly, the government has not attempted to, and thus cannot, satisfy its burden to show harmlessness. Cf. United States v. Davis, 407 F.3d 1269, 1271-72 (11th Cir. 2005) ("We simply do not know what the sentencing court would have done had it understood the guidelines to be advisory rather than mandatory, and had properly considered the factors in 18 U.S.C. § 3553(a). Therefore, the Government cannot meet its burden of showing that the mandatory application of the guidelines in violation of Davis's Sixth Amendment right was harmless beyond a reasonable doubt.").

Because the government cannot establish the Booker non-constitutional error was harmless under the Kotteakos standard, nor can it show the constitutional error was harmless beyond a reasonable doubt, we vacate Molden's sentence and remand

4

for resentencing consistent with <u>Booker</u>.[2]  Finally, no reversible error occurred relating to Molden's conviction so we reinstate our opinion as to the conviction-related challenges he previously raised.

**OPINION REINSTATED IN PART; SENTENCE VACATED AND REMANDED.**

---

[2]  On remand, the district court is required to sentence Molden under an advisory Guidelines regime, and shall consider the Guidelines range and "other statutory concerns as well, see [18 U.S.C.] § 3553(a) (Supp.2004)." <u>Booker</u>, 125 S. Ct. at 757.  By this order, we do not mean to imply that on remand the district court must impose a lesser sentence.  Rather, we merely hold that the government has failed to meet its burden to show that the <u>Booker</u> error was harmless.  We also will not attempt to decide now whether a particular sentence below or above the Guidelines range might be reasonable in this case, as that issue is not before us.