[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 19, 2006
THOMAS K. KAHN
CLERK

No. 05-16762
Non-Argument Calendar

_____

D. C. Docket No. 03-00017-CR-1-ODE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REGINALD MOLDEN,
a.k.a. Reginald Troutman,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(July 19, 2006)**

Before TJOFLAT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

This is Reginald Molden's third appearance before this Court. He again challenges his 110-month sentence for possession of a firearm by a convicted felon, arguing (1) that the district court erred by enhancing his sentence for possession of a firearm in connection with another felony offense, pursuant to U.S.S.G. § 2K2.1(b)(5), and (2) that his 110-month sentence is unreasonable. We affirm. In 2003, Molden was convicted of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g), and sentenced to 110 months' imprisonment. On direct appeal, we affirmed his conviction and sentence, rejecting his sentencing argument that the district court violated the "spirit" of Apprendi v. New Jersey, 530 U.S. 466 (2000) by imposing a four-level enhancement, pursuant to U.S.S.G. § 2K2.1(b)(5), based on the court's finding that Molden possessed a firearm in connection with another felony offense (an aggravated assault of a law enforcement officer that occurred in the course of the crime for which he was convicted). See United States v. Molden, Case No. 03-15931, 112 Fed. Appx. 3 (11th Cir. 2004) (unpublished) ("Molden I").

The Supreme Court vacated our Molden I decision and remanded the case to us for further consideration in light of United States v. Booker, 543 U.S. 220 (2005). On reconsideration, we held that the district court had committed (1) a Booker constitutional error by enhancing Molden's sentence based on facts not

2

found by a jury, and (2) a <u>Booker</u> statutory error by applying the Guidelines as mandatory. The government conceded that it could not meet its burden of showing that these errors were harmless, and thus, we vacated Molden's sentence and remanded to the district court for resentencing consistent with <u>Booker</u>. <u>See</u> <u>United States v. Molden</u>, Case No. 03-15931, 144 Fed. Appx. 11 (11th Cir. 2005) (unpublished) ("<u>Molden II</u>"). In <u>Molden II</u>, we noted the following:

> On remand, the district court is required to sentence Molden under an advisory Guidelines regime, and shall consider the Guidelines range and "other statutory concerns as well, see [18 U.S.C.] § 3553(a) (Supp. 2004)." <u>Booker</u>, 125 S. Ct. at 757. By this order, we do not mean to imply that on remand the district court must impose a lesser sentence. Rather, we merely hold that the government has failed to meet its burden to show that the <u>Booker</u> error was harmless. We also will not attempt to decide now whether a particular sentence below or above the Guidelines range might be reasonable in this case, as that issue is not before us.

<u>Id.</u>, slip op. at 5 n.2.

The district court conducted a resentencing hearing at which Molden made several arguments in favor of a lower sentence. According to the PSI, Molden's base offense level was 20 under U.S.S.G. § 2K2.1(a)(4)(A). The probation officer recommended a four-level upward adjustment, pursuant to § 2K2.1(b)(5), for possessing a firearm in connection with another felony offense -- an aggravated assault on a law enforcement officer -- and a two-level upward adjustment, under § 3C1.2, for reckless endangerment during flight. Based on an adjusted offense level

3

of 26 and a criminal history category of V (from a total of 10 criminal history points), the advisory Guidelines range was 110 to 137 months imprisonment.

At the resentencing hearing, Molden argued (1) that, after Booker, it would be unfair to continue to sentence him based on facts not found by the jury; and (2) that the actual charged offense was not egregious because "there is nothing innately morally wrong about" possessing a firearm when you are prohibited from doing so, and therefore, "nine years for having a gun when you have a prior felony, and that is all, is an extremely egregious sentence". He admitted that he "overreact[ed] to the situation and act[ed] in a hot-headed way," but argued that he was only 22 years old at the time and is "not a person who has a violent streak," but rather, is a "thoughtful young man" who is "redeemable" and should have the rest of his life ahead of him, rather than spending nine years in prison. Molden suggested that the only way to cure the Booker error in his case would be for the district court not to impose the two offense level enhancements, totaling six offense levels, recommended by the PSI and applied in calculating his original sentence.

The government asserted that there was a factual basis for both enhancements that originally were applied, and therefore, that the Guidelines imprisonment range should remain the same. The government also urged the

4

district court again to impose a sentence between 110 to 120 months, given the fact that this was "a somewhat egregious felon in possession case."

The district court found that "the Guidelines were properly computed in this case. I do believe that the enhancements that were made by the court were correct. And I'm saying that now as the trier of fact on those issues. I think the range was properly derived." Thereafter, the court noted, "I need to determine what sentence is reasonable," and elicited argument from the parties. The government stated that Molden's Guidelines imprisonment range of 110 to 137 months was "mostly because of his prior criminal history," and because he "committed the offense in a way that merited the enhancements." The government highlighted that this was Molden's fifth felony conviction, and that he "is not some guy who is going to easily turn his life around . . . ." The government also argued that it was appropriate for the court to consider Molden's criminal history in fashioning a reasonable sentence, as well as other factors, such as "how society should be protected." The government asserted that Molden was a "menace," and therefore, concluded that a sentence within the Guidelines between 110 to 120 months would be reasonable.

The district court concluded that a 110-month sentence was reasonable in this case, noting that it had taken into account the nature and circumstances of the

5

crime and Molden's criminal record, and that "110 months is about right given the conviction and the facts surrounding the offense and [Molden's] prior record." Accordingly, the district court imposed the same sentence of 110 months' imprisonment and 3 years' supervised release. This appeal, "Molden III," followed.

First, Molden asserts the district court erred by applying the § 2K2.1(b)(5) enhancement. The government responds that the law-of-the-case doctrine precludes review of the district court's application of § 2K2.1(b)(5). In Molden I, in connection with our rejection of Molden's Apprendi claim, we said the following:

> Section 2K2.1(b)(5) provides for a four-level enhancement "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. 2K2.1(b)(5). "'Felony offense,' as used in subsection (b)(5), means any offense (federal, state, or local) punishable by imprisonment for a term exceeding one year, whether or not a criminal charge was brought, or conviction obtained." U.S.S.G § 2K2.1, comment. (n.7). In United States v. Jackson, 276 F.3d 1231 (11th Cir. 2001), we affirmed application of the § 2K2.1(b)(5) adjustment where the defendant "repeatedly attempted to reach into his left pant-pocket," in which a firearm was later found, during his resistance to police officers' attempt to arrest him. Id. at 1233-35. We concluded that, even though there was no evidence that the defendant armed himself as part of a preconceived plan to commit assault and battery upon a police officer and it was difficult to infer from the nature of the crime alone that the defendant intended to use the gun at the time of the assault, it was reasonable for the district court to find that "the defendant made a real and determined effort to use the gun in connection with the assault in

6

some manner." Id. at 1235.  According to the PSI, as Molden fled on foot after crashing his motorcycle, he repeatedly attempted to reach for his weapon in his waistband in order to intimidate the troopers who were pursuing him.  Accordingly, the record supports application of the enhancement.

Molten I, slip op. at 11 n.7 (emphasis added).

The law-of-the-case doctrine provides that "findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal." Luckey v. Miller, 929 F.2d 618, 621 (11th Cir. 1991) (quotation omitted).  "The purpose of the law of the case doctrine is to establish efficiency, finality, and obedience within the judicial system." Id.  The law-of-the-case doctrine applies to findings made under the Sentencing Guidelines. See, e.g., United States v. Bordon, 421 F.3d 1202, 1207-08 (11th Cir. 2005) (declining to consider a challenge to the Guidelines calculations that was previously reviewed and affirmed by this Court).  Simply put, as we noted in Molden I, the record supports the enhancement under § 2K2.1(b)(5).  In any event, the law-of-the-case doctrine precludes review of this issue for a second time in the instant appeal. See Luckey, 929 F.2d at 621.

Molden also contends that his sentence was unreasonable under Booker and in light of the 18 U.S.C. 3553(a) factors.  After Booker, a district court, in determining a reasonable sentence, must correctly calculate the sentencing range

7

under the Guidelines and then consider the factors set forth in 18 U.S.C. § 3553(a).

See United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005); see also United

States v. Shelton, 400 F.3d 1325, 1332 n.9 (11th Cir. 2005) ("A sentencing court

under Booker still must consider the Guidelines, and, such consideration

necessarily requires the sentencing court to calculate the Guidelines sentencing

range in the same manner as before Booker."). These factors include:

> (1) the nature and circumstances of the offense and the history and
> characteristics of the defendant;
> (2) the need for the sentence imposed-
> (A) to reflect the seriousness of the offense, to promote respect for the
> law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational
> training, medical care, or other correctional treatment in the most
> effective manner; [and]
> (3) the kinds of sentences available[.]

18 U.S.C. § 3553(a)(1)-(3). "Although sentencing courts must be guided by these

factors, 'nothing in Booker or elsewhere requires the district court to state on the

record that it has explicitly considered each of the § 3553(a) factors or to discuss

each of the § 3553(a) factors.'" United States v. Thomas, 446 F.3d 1348, 1357

(11th Cir. 2006) (quoting United States v. Scott, 426 F.3d 1324, 1329 (11th Cir.

2005)).

After a thorough review of the record, with particular attention to the transcripts from Molden's resentencing sentencing hearing and the PSI, we readily conclude Molden's sentence was reasonable. The district court explicitly stated it had considered the § 3553(a) factors, including the nature and circumstances of the offense and the criminal history of the defendant. Talley, 431 F.3d at 786; 18 U.S.C. § 3553(a)(1). And from our review of the resentencing transcript, it is clear the district court understood the Guidelines range to be advisory. Moreover, the district court imposed a sentence at the bottom of the advisory Guidelines range, which we have said is an indication of a reasonable sentence. Id. at 788 (noting that "ordinarily we would expect a sentence within the Guidelines range to be reasonable"). Finally, "[t]he parties' arguments and the PSI's calculations outlined 'the kinds of sentences available.'" Thomas, 446 F.3d at 1357 (quoting 18 U.S.C. § 3553(a)(3)).

We are unpersuaded by Molden's argument concerning the weight given to the factors contained in § 3553(a)(2)(A), which he urges would support a lower sentence. Put simply, the presence of other sentencing factors, such as Molden's criminal history and his reckless conduct during his attempt to elude law enforcement officers, also must be taken into account under § 3553(a) and amply

9

support the sentence imposed.  Accordingly, we conclude that Molden's sentence is reasonable and affirm.

**AFFIRMED.**