**Horace LUCKEY III, et al.,
Plaintiffs–Appellees,**

v.

**Zell MILLER, Governor, et al.,
Defendants–Appellants.**

No. 90–9062.

United States Court of Appeals,
Eleventh Circuit.

April 23, 1991.

William B. Hill, Jr., Michael E. Hobbs, Alfred L. Evans, Jr., Atlanta, Ga., for defendants-appellants.

David A. Webster, Emory University School of Law, Robert B. Remar, Megan E. Gideon, Eric G. Kocher, Kocher Wilson Korschun & Cobb, Neil Bradley, Atlanta, Ga., for plaintiffs-appellees.

Before HATCHETT and DUBINA, Circuit Judges, and HILL, Senior Circuit Judge.

DUBINA, Circuit Judge:

Horace Luckey III and the other appellees herein seek intervention by the federal courts regarding the indigent criminal defense system of the Georgia state courts. This court has permitted the appellants in this case to appeal an interlocutory order of the district court denying renewed motions to dismiss the complaint. The district court declined to dismiss the complaint on the ground that the law of the case barred it from considering the appellants' asserted grounds for dismissal. For the reasons which follow, we vacate the district court's order and remand the case for reconsideration by the district court of the appellants' renewed motions to dismiss.

## I. FACTUAL BACKGROUND

The appellees in this case ("the Luckey plaintiffs") represent a bilateral class consisting of (1) all indigent persons presently charged or who will be charged in the future with criminal offenses in the state courts of Georgia and (2) all attorneys who represent or will represent indigent defendants in the Georgia state courts. The appellants in this case are Zell Miller, the Governor of the State of Georgia; the Honorable Robert J. Noland, Chief Judge of the Douglas Judicial Circuit; the Honorable Joe E. Crumbley, Chief Judge of the Clayton Judicial Circuit; and all other Georgia state court judges who are responsible for appointing attorneys or otherwise arranging for the assistance of counsel for indigent criminal defendants in the Georgia state court system ("the Miller defendants").

The Luckey plaintiffs allege that systemic deficiencies in the Georgia indigent criminal defense system deny indigent criminal defendants their sixth amendment right to counsel, their due process rights under the fourteenth amendment, their right to bail under the eighth and fourteenth amendments, and equal protection of the laws guaranteed by the fourteenth amendment.[1] They seek federal intervention in order to establish minimum constitutional standards for the provision of indigent criminal defense services in the state courts of Georgia and to enforce adherence by the Miller defendants to those standards.

## II. PROCEDURAL HISTORY

The Luckey plaintiffs brought this action in October 1986 under 42 U.S.C. § 1983. The Miller defendants responded with motions to dismiss asserting the following grounds: (1) immunity under the eleventh amendment; (2) no Article III case or controversy; (3) lack of the requisite degree of substantiality of the federal question; and (4) failure to state a claim for which relief could be granted. The district court dismissed the case in June 1987 on the ground

---

1. The alleged deficiencies in the Georgia indigent criminal defense system include inadequate resources, delays in the appointment of counsel, pressure on attorneys to hurry their clients' cases to trial or to enter guilty pleas, and inadequate supervision.

that the complaint, while nominally against the Governor and state court judges, was in essence a suit against the State of Georgia and therefore was barred by the eleventh amendment. The Luckey plaintiffs filed a motion to reconsider, which was granted. The court again dismissed the case in December 1987, concluding that, even if the eleventh amendment were no bar to the action, the complaint failed to state a claim for which relief could be granted. The Luckey plaintiffs appealed the order of dismissal.

A panel of this court reversed the district court in *Luckey v. Harris*, 860 F.2d 1012 (11th Cir.1988) ("*Luckey I*"). *Luckey I* held: (1) that the relief sought by the Luckey plaintiffs fell within the *Ex parte Young*[2] exception to the eleventh amendment's general prohibition of suits brought against a state by its own citizens; (2) that personal action by state officials was not a necessary condition of injunctive relief as long as they were responsible for the challenged action; (3) that the allegations in the complaint were sufficient to establish the necessary "case or controversy" requirement; and (4) that in order to obtain prospective injunctive relief to compel state officials to furnish adequate legal representation to indigents, the Luckey plaintiffs were only required to show the likelihood of substantial and immediate irreparable injury and inadequacy of their remedies at law, not the "future inevitability of ineffective assistance" required by the district court.

The Miller defendants filed a suggestion of rehearing en banc in December 1988. Thereafter, a poll was conducted pursuant to Fed.R.App.P. 35 and 11th Cir.R. 35. The petition for rehearing en banc was denied in December 1989. *Luckey v. Harris*, 896 F.2d 479 (11th Cir.1989) (per curiam), *cert. denied*, —— U.S. ——, 110 S.Ct. 2562, 109 L.Ed.2d 744 (1990) ("*Luckey II*"). A dissenting opinion focused primarily on the abstention doctrine, which the dissent felt should have been considered by the court on its own motion even though it was not asserted expressly. *Luckey II*, 896 F.2d at 479 (Edmondson, J., dissenting).

On remand to the district court, the Miller defendants reasserted their motions to dismiss on nonjusticiability and abstention grounds. Their new grounds for dismissal mirrored those outlined in Judge Edmondson's dissent in *Luckey II*. The Luckey plaintiffs argued that the law of the case barred the defendants from raising those grounds. The Miller defendants maintained that, since the question of the applicability of the abstention doctrine had not been presented to or adjudicated by this court, the law of the case did not control the motions before the district court. The district court disagreed. In its order denying the Miller defendants' renewed motions to dismiss, the district court first thoroughly considered the abstention issue, and opined that the Miller defendants' motions were meritorious based on considerations of comity, equity, and federalism. The district court concluded, nevertheless, that it was constrained by the law of the case, and declined to dismiss the complaint. The district court then certified its interlocutory order for appeal.

The Miller defendants filed a petition for permission to appeal to this court pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5, which was granted by a divided panel. *Harris v. Luckey*, 918 F.2d 888 (11th Cir. 1990) ("*Luckey III*"). The dissent agreed with the Luckey plaintiffs that the law of the case barred dismissal on abstention grounds. *Luckey III*, 918 F.2d at 894 (Hatchett, J., dissenting).

## III. DISCUSSION

The narrow issue presented by this appeal is whether the law of the case precludes the district court from considering the jurisdictional dismissal of the complaint in accordance with controlling Supreme

---

**2.** *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). This exception has been developed over the years to permit prospective relief against state officers in their official capacities. Courts may order such state officials to refrain from unconstitutional conduct even though compliance may cost the state money. *See Milliken v. Bradley*, 433 U.S. 267, 289, 97 S.Ct. 2749, 2761, 53 L.Ed.2d 745 (1977).

Court and Eleventh Circuit precedent on the applicability of the abstention doctrine of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). The district court's legal conclusion is subject to de novo review by this court. *Kirkland v. National Mortgage Network, Inc.*, 884 F.2d 1367, 1370 (11th Cir.1989).

 The purpose of the law of the case doctrine is to establish efficiency, finality, and obedience within the judicial system. *Wheeler v. City of Pleasant Grove*, 746 F.2d 1437, 1440 (11th Cir.1984). Adherence to the law of the case decrees that the "findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal." *Heathcoat v. Potts*, 905 F.2d 367, 370 (11th Cir.1990) (quoting *Dorsey v. Continental Cas. Co.*, 730 F.2d 675, 678 (11th Cir.1984)). The doctrine is not as rigid as res judicata, however, and does not bar consideration of matters that could have been, but were not, resolved in earlier proceedings. *Litman v. Massachusetts Mut. Life Ins. Co.*, 825 F.2d 1506, 1511 (11th Cir.1987) (en banc), *cert. denied*, 484 U.S. 1006, 108 S.Ct. 700, 98 L.Ed.2d 652 (1988). While law of the case preclusion is limited to those issues previously decided, the doctrine does operate to encompass issues decided by necessary implication as well as those decided explicitly. *Heathcoat*, 905 F.2d at 370.

 When acting under an appellate court's mandate, the law of the case dictates that a district court "cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon a matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded." *Litman*, 825 F.2d at 1511 (quoting *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255, 16 S.Ct. 291, 293, 40 L.Ed. 414 (1895)). Even so, the law of the case is not an inexorable command, for the district court may address issues which have not been disposed of on appeal. *Piambino v. Bailey*, 757 F.2d 1112, 1119 (11th Cir.1985), *cert. de-*

*nied*, 476 U.S. 1169, 106 S.Ct. 2889, 90 L.Ed.2d 976 (1986).

 In its order denying the Miller defendants' motions to dismiss this case on abstention grounds, the district court determined that, under the law of the case, it was precluded from considering the abstention argument raised by the Miller defendants. The district court concluded that, since the entire Eleventh Circuit was faced with Judge Edmondson's arguments regarding abstention in *Luckey II* and declined to rehear the case or to stay the mandate pending the Supreme Court's disposition of the Miller defendants' petition for writ of certiorari, this court had delivered a clear message that this case should be heard. The Luckey plaintiffs agree with that conclusion. The Miller defendants argue that we should reverse the district court and allow it to consider their abstention arguments. They maintain that the law of the case does not bar consideration of the abstention issue because it was not raised before or considered by the appellate panel. The Miller defendants also point out that the denial of rehearing en banc without opinion bears little, if any, precedential weight.

Unquestionably, abstention was not presented to the panel which heard the initial appeal in this case and was not explicitly addressed in *Luckey I*. Abstention was never pleaded, briefed, argued, or ruled upon. Our inquiry must then focus upon whether that issue was "decided by necessary implication" when this court denied rehearing en banc in *Luckey II*, notwithstanding the examination of an abstention argument in the dissent. If this court neither explicitly nor implicitly addressed abstention, then the district court is not barred from considering the dismissal of this case on that basis. The law of the case doctrine clearly does not extend to issues an appellate court did not address. *Piambino*, 757 F.2d at 1120.

The Miller defendants rely on the Fifth Circuit's decision in *Wilcox v. Miller*, 691 F.2d 739 (5th Cir.1982), which stated that the doctrine of the law of the case did not prevent the dismissal of a complaint where

an earlier panel had reversed a dismissal on other grounds. 691 F.2d at 740 n. 2. The Luckey plaintiffs insist that, contrary to the situation presented in *Wilcox*, the issue of abstention was raised in this case during the rehearing process, and has, therefore, been rejected.[3] In response, the Miller defendants argue that a summary order of denial by this court is equivalent to the denial of certiorari by the United States Supreme Court, which does not constitute an opinion on the merits of the case in which the petition is denied. *See, e.g., Hughes Tool Co. v. Trans World Airlines, Inc.*, 409 U.S. 363, 365 n. 1, 93 S.Ct. 647, 650 n. 1, 34 L.Ed.2d 577 (1973).

We cannot conclude that the applicability of abstention was implicitly decided in the prior proceedings in this case before this court. In our view, a summary denial of rehearing en banc is insufficient to confer any implication or inference regarding the court's opinion relative to the merits of a case. The mere presence of an abstention argument raised in dissent in *Luckey II* is simply not enough to imply a preclusive decision.

We also believe that attaching precedential weight to a denial of rehearing en banc would be unmanageable. As the majority explained in *Luckey III*, if the denial of a petition for rehearing en banc established the law of the case, then any judge who disagreed with any part of the panel opinion on which a poll was requested would be constrained to vote in favor of en banc review. Any poll that resulted in the denial of a petition for rehearing en banc would place the authority of the entire court behind not only every express holding in the panel opinion, but behind every conceivable implied holding as well. There is nothing in *Luckey II* to indicate why the majority of this court was not persuaded to grant en banc review, and any attempt to attribute any specific reasoning to a member of that majority is purely speculative. The dearth of stated reasons for the denial of en banc review underscores the risk of attributing any meaning to that decision within the context of the law of the case. We are convinced that such a practice would be untenable in light of the extraordinary nature of en banc review by this court.[4] *See Luckey III*, 918 F.2d at 893–94.

Accordingly, we find no law of the case barrier to the district court's consideration of the abstention doctrine in deciding whether this case should be dismissed.

The district court's order denying the Miller defendants' motions to dismiss is hereby VACATED and this cause REMANDED to the district court for further proceedings consistent with this opinion.

VACATED and REMANDED.

HATCHETT, Circuit Judge, dissenting:

The majority states that the purpose of the law of the case doctrine "is to establish efficiency, finality, and obedience within the judicial system." Majority opinion at page 621. With the filing of the majority opinion in this case, "efficiency, finality, and obedience within [the Eleventh Circuit]" become meaningless utterances. According to the majority, one judge of the en banc court may (1) dissent from the court's refusal to grant en banc rehearing on is-

---

3. The Luckey plaintiffs maintain that *Younger* abstention is jurisdictional, thereby conferring upon the initial panel the power to consider the abstention issue when it was presented, even though its original decision had already been rendered. Because the panel could not escape ruling on jurisdictional issues, they claim that its rejection of the abstention argument is necessarily inferred from its disposition.

4. 11th Cir.R. 35–3 ("Extraordinary Nature of Suggestion of In Banc Consideration") states as follows:

A suggestion of in banc consideration, whether upon initial hearing or rehearing, is an extraordinary procedure intended to bring to the attention of the entire court a precedent-setting error of exceptional importance in an appeal or other proceeding, and, with specific reference to a suggestion of in banc consideration upon rehearing, is intended to bring to the attention of the entire court a panel opinion that is allegedly in direct conflict with precedent of the Supreme Court or of this circuit. Alleged errors in a panel's determination of state law, or in the facts of the case (including sufficiency of the evidence), or error asserted in the panel's misapplication of correct precedent to the facts of the case, are matters for rehearing before the panel but not for in banc consideration.

sues decided by the district court and a panel of this court, (2) write on a new self-created theory, not pleaded, not ruled on, not discussed, and (3) thereby nullify the actions of the parties, the district court, the panel, and the en banc court.

In the simplest terms, the majority holds that a judge on the en banc court, may not only review the district court's rulings and the panel's holdings, but, acting alone, may from the reviewed case give birth to a new case, based on grounds never thought of by the parties.

For the additional reasons stated in my dissent in *Harris v. Luckey*, 918 F.2d 888 (11th Cir.1990) (*Luckey III*), I continue to dissent.