[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-11245
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 15, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-00034-CR-J-25-HTS

ANTONIO ALVAREZ,

Plaintiff-Appellee,

versus

UNITED STATES OF AMERICA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 15, 2006)

Before ANDERSON, BIRCH and HULL, Circuit Judges.

PER CURIAM:

The government appeals Defendant Antonio Alvarez's concurrent 48-month

sentences imposed at resentencing for: (1) conspiracy to possess with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii); and (2) attempting to possess, aid, and abet the attempt to possess with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii).  After review, we vacate the defendant's sentences and remand for the limited purpose of complying with this Court's original mandate.

## I. BACKGROUND

On October 18, 2004, this Court affirmed Alvarez's convictions, but vacated his concurrent 121-month sentences because the district court mistakenly assigned the defendant a base offense level of 32 instead of 30.  United States v. Alvarez, No. 03-15870, at *2 (11th Cir. Oct. 18, 2004) (unpublished).  In so doing, this Court specifically rejected the defendant's assertion that the district court clearly erred in refusing to apply the safety valve provision in U.S.S.G. § 5C1.2.  Id. at *2 n.1 ("We also conclude that the district court correctly determined that Alvarez's failure to provide a complete and truthful account of his role in the offenses of conviction precluded relief under § 5C1.2.").

However, this Court noted that "Alvarez still faces a mandatory-minimum sentence of 120 months for each of his offenses."  Id. at *2-3.  Consequently, this

Court "vacate[d] Alvarez's concurrent 121-month sentences and remand[ed] this case to the district court so that it may sentence Alvarez to concurrent 120-month sentences." Id. at *3. The mandate from this Court was clear in that the district court's sole responsibility upon remand was to impose concurrent 120-month sentences.

At resentencing, the district court noted that the case was remanded for it to impose concurrent 120-month sentences, and that this Court's remand was "pretty specific as to its intent." Despite its recognition of this Court's specific remand, the district court revisited its earlier decision that Alvarez was not entitled to a safety-valve reduction under § 5C1.2.

The district court then concluded that Alvarez was entitled to the safety-valve reduction and sentenced the defendant to concurrent 48-month sentences. The government appeals.

## II. DISCUSSION

Under the law-of-the-case doctrine, both district courts and appellate courts generally are bound by a prior appellate decision in the same case. Alphamed, Inc. v. B. Braun Med., Inc., 367 F.3d 1280, 1285-86 (11th Cir. 2004). The doctrine operates to preclude courts from revisiting issues that were decided explicitly or by necessary implication in a prior appeal. Luckey v. Miller, 929 F.2d 618, 621 (11th

3

Cir. 1991).

"The mandate rule is simply an application of the law of the case doctrine to a specific set of facts." Litman v. Massachusetts Mut. Life Ins. Co., 825 F.2d 1506, 1511 (11th Cir. 1987) (en banc) (citation omitted). "If the appeals court issues a specific mandate, the district court must obey: the mandate is not subject to interpretation." United States v. Mesa, 247 F.3d 1165, 1170 (11th Cir. 2001). That is, "[a] trial court, upon receiving the mandate of an appellate court, may not alter, amend, or examine the mandate, or give any further relief or review, but must enter an order in strict compliance with the mandate." Piambino v. Bailey, 757 F.2d 1112, 1119 (11th Cir. 1985) (citation omitted).

As the district court initially recognized, this Court's remand was for the limited purpose of imposing concurrent 120-month sentences. The district court obviously violated that mandate when it revisited the defendant's eligibility for the safety-valve reduction despite this Court's explicit ruling on the matter. As such, we once again remand this case for the limited purpose of allowing the district court to impose concurrent 120-month sentences.[1]

[1]The law-of-the-case doctrine bars reconsideration of an issue we have previously decided unless: (1) there exists new evidence that is substantially different; (2) controlling authority has since made a contrary decision of the law applicable to such issues; or (3) the decision was clearly erroneous and would work a manifest injustice. United States v. Escobar-Urrego, 110 F.3d 1556, 1561 (11th Cir. 1997). None of the exceptions to the law-of-the-case doctrine is applicable here. Although United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), was decided after Alvarez's direct appeal, district courts are also still bound by statutory

4

**VACATED AND REMANDED WITH INSTRUCTIONS**.

---

minimum sentences.  <u>United States v. Shelton</u>, 400 F.3d 1325, 1333 n.10 (11th Cir. 2005). Because <u>Booker</u> did not alter the requirement to impose statutory minimum sentences, <u>Booker</u> did not affect our prior decision.