[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-10876
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 11, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-20764-CR-MGC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DWELLEY CAULEY,
a.k.a. Bart,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 11, 2006)**

Before DUBINA, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

On appeal after remand to the district court for resentencing pursuant to

*United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005),

Appellant Dwelley Cauley argues that the district court erred by not (1) dismissing

his indictment for conspiracy to possess with the intent to distribute cocaine, 21

U.S.C. § 846, because it violated the Double Jeopardy Clause, and (2) permitting

him to withdraw his guilty plea on the ground that his prior attorney coerced him

into pleading guilty. The district court refused to consider Cauley's motions to

dismiss his indictment and withdraw his guilty plea, finding that they fell outside

the scope of our limited mandate to resentence Cauley in accordance with *Booker's*

advisory Guideline scheme.

We review a district court's legal conclusions *de novo*. *Luckey v. Miller*,

929 F.2d 618, 621 (11th Cir. 1991). "Under the law-of-the-case doctrine, both

district courts and appellate courts are generally bound by a prior appellate

decision in the same case." *Alphamed, Inc. v. B. Braun Med., Inc.*, 367 F.3d 1280,

1285-86 (11th Cir. 2004). This doctrine, thus, precludes courts from revisiting

issues that were decided explicitly, or by necessary implication, in a prior appeal.

*Luckey*, 929 F.2d at 621.

"The mandate rule is simply an application of the law of the case doctrine to

a specific set of facts." *Litman v. Mass. Mut. Life Ins. Co.*, 825 F.2d 1506, 1511

(11th Cir. 1987). "If the appeals court issues a specific mandate, the district court

must obey: the mandate is not subject to interpretation." *United States v. Mesa*, 247 F.3d 1165, 1170 (11th Cir. 2001). In *Mesa*, we affirmed the district court's refusal to consider an argument raised for the first time at resentencing following remand, concluding that requiring the district court to consider a new argument at resentencing, when the argument should have been raised in the first appeal, "would give defendants incentive to introduce sentencing objections in a piecemeal fashion and would allow them (by their waiting to advance the argument anew at re-sentencing) to avoid the difficult burden of 'plain error' review in their first appeal." *Id.* at 1170-71.

We conclude from the record that Cauley's case is comparable to *Mesa*. In Cauley's initial direct appeal, he did not raise his claims that his indictment should be dismissed because it violated the Double Jeopardy Clause or that his attorney coerced him into pleading guilty, even though these arguments were available to him on direct appeal. We vacated Cauley's sentence and directed the district court to resentence Cauley consistent with *Booker*. The district court was not authorized to consider Cauley's motions to dismiss his indictment and withdraw his guilty plea because they were outside the scope of our limited remand.

Accordingly, we affirm the district court's order denying Cauley's motions to dismiss his indictment and withdraw his guilty plea on the grounds that it was

3

precluded by the mandate rule from entertaining Cauley's motions.

**AFFIRMED.**