[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 27, 2006
THOMAS K. KAHN
CLERK

No. 06-12976
Non-Argument Calendar
_____

D. C. Docket No. 04-00051-CR-T-17-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD DUVALL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 27, 2006)

Before DUBINA, BLACK and CARNES, Circuit Judges.

PER CURIAM:

Ronald Duvall appeals his 37-month sentence for theft of government property, in violation of 18 U.S.C. § 641.  We affirm his sentence.

## I.  BACKGROUND

In October 1974, Duvall began receiving disability compensation from the Department of Veterans Affairs (VA).  Duvall's superseding indictment provided, "[b]eginning in or about November 1993, and continuing through in or about May 2001," Duvall embezzled, stole, and converted to his use "in excess of $1,000 of monies" belonging to the VA.  A jury found Duvall guilty and determined the offense involved more than $200,000.  At sentencing, the district court received evidence the total loss suffered by the government for the entire period of Duvall's disability amounted to $641,283.60.  The district court pronounced a sentence of 37 months' imprisonment based on a loss of $641,283.60, or, in the alternative, 30 months' imprisonment, based on the loss found by the jury, if *Blakely v. Washington*, 124 S. Ct. 2531 (2004), applied.  Duvall appealed, and we remanded for resentencing, in part, because Duvall's 37-month sentence, which was based on judge-found facts under a mandatory Guidelines system, violated *United States v. Booker*, 125 S. Ct. 738.  We stated, "[w]e note the district court correctly calculated Duvall's Guidelines range of 30 to 37 months' imprisonment," and provided the district court, on remand, was "required to sentence Duvall according

2

to *Booker*, considering the Guidelines advisory range of 30 to 37 months' imprisonment . . . ." At resentencing, the district court, after considering the Guidelines advisory range of 30 to 37 months' imprisonment, sentenced Duvall to a 37-month sentence.

Duvall appeals his Guidelines range of 30 to 37 months' imprisonment. He acknowledges we will likely reaffirm our prior holding from his previous appeal that his Guidelines range was 30 to 37 months' imprisonment, but argues the trial court erred in violation of *Blakely* by finding he should be held accountable for losses in excess of $400,000, based on benefits paid outside of the period in the indictment, and when the jury only found him responsible for losses in excess of $200,000. He contends the Government's allegation at sentencing, that he was paid $641,283.60 over the entire period that he was receiving disability benefits, includes periods as far back as 1974. He contends the attempt to expand his culpability back almost 20 years from his offense of conviction, "ignores the significance of the charging document in the process itself, and . . . renders that document meaningless."

## II. DISCUSSION

"Under the law of the case doctrine, both district courts and appellate courts are generally bound by a prior appellate decision in the same case." *Alphamed,*

3

*Inc. v. B. Braun Med., Inc.*, 367 F.3d 1280, 1285-86 (11th Cir. 2004). The doctrine operates to preclude courts from revisiting issues that were decided explicitly or by necessary implication in a prior appeal. *Luckey v. Miller*, 929 F.2d 618, 621 (11th Cir. 1991). "The mandate rule is simply an application of the law of the case doctrine to a specific set of facts." *Litman v. Mass. Mut. Life Ins. Co.*, 825 F.2d 1506, 1511 (11th Cir. 1987) (*en banc*). "If the appeals court issues a specific mandate, the district court must obey: the mandate is not subject to interpretation." *United States v. Mesa*, 247 F.3d 1165, 1170 (11th Cir. 2001).

The law-of-the-case doctrine and the mandate rule preclude any argument that Duvall's 30 to 37-month Guidelines range was miscalculated. *See Alphamed*, 367 F.3d at 1285-86; *Mesa*, 247 F.3d at 1170. Further, the district court did not err because it applied the Guidelines in an advisory fashion, and was entitled to make findings of fact not alleged in the indictment when fashioning Duvall's sentence. *See United States v. Thomas*, 446 F.3d 1348, 1355 (11th Cir. 2006) (holding extra-verdict enhancements, under an advisory Guidelines scheme, may be based on facts not charged in the indictment so long as the sentence does not exceed the statutory maximum for the defendant's offense of conviction). Duvall's 37-month sentence did not exceed his ten-year statutory maximum sentence. *See* 18 U.S.C. § 641. To the extent Duvall argues the district court could not make findings of

fact as to an amount of loss contrary to the amount specifically found by the jury, we have held a court may consider relevant acquitted conduct if proven by a preponderance of the evidence. *United States v. Faust*, 456 F.3d 1342, 1348 (11th Cir.), *cert. denied*, 127 S. Ct. 615 (2006). Thus, if a court can consider acquitted conduct in sentencing, it follows the district court can also consider loss amounts exceeding the specific findings of the jury.

Accordingly, we affirm Duvall's sentence.

**AFFIRMED.**