[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 9, 2008
THOMAS K. KAHN
CLERK

No. 07-11506
Non-Argument Calendar

_____

D. C. Docket Nos. 05-08041-CV-H-S & 89-00074-CR-S

MICHAEL LEWIS IVORY,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(January 9, 2008)**

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Michael Lewis Ivory, a federal prisoner proceeding <u>pro se</u>, appeals the

denial of his Federal Rule of Civil Procedure 60(b) motion challenging the denial of his motion for return of seized property.

Ivory previously filed a motion for return of seized property, pursuant to Federal Rule of Criminal Procedure 41(e), in which he asserted that he never received notice of the forfeiture of his property and was not afforded a forfeiture hearing. The district court denied that motion, and we affirmed because the record contained two civil docket sheets showing that Ivory had received notice of the forfeitures.

Ivory then filed the present Rule 60(b) motion to reopen the district court's judgment denying his motion for return of seized property. The district court denied the motion because it was time-barred, and also because Ivory was asserting the same contention in the Rule 60(b) motion that he had made in his earlier Rule 41(e) motion.

In this appeal, Ivory contends that the district court erred in finding that his Rule 60(b) motion was time-barred, arguing that he was proceeding under Rule 60(b)(4), which requires only that a motion challenging a void judgment be filed "within a reasonable time." Fed.R.Civ.P. 60(b)(4). He argues that the district court's forfeiture judgment was void because he never received proper notice of the forfeiture, and for that reason the district court could not have commenced a

2

lawful forfeiture proceeding. He reiterates his contention that the documents that had been relied upon in the earlier proceeding are insufficient to demonstrate that he received notice of the forfeiture, and he maintains that he should have been granted an evidentiary hearing.

We review de novo a district court's application of the law of the case doctrine. Transamerica Leasing, Inc. v. Institute of London Underwriters, 430 F.3d 1326, 1331 (11th Cir. 2005). Under that doctrine, both district courts and appellate courts generally are bound by a prior appellate decision in the same case. Alphamed, Inc. v. B. Braun Medical, Inc., 367 F.3d 1280, 1285-86 (11th Cir. 2004). The doctrine operates to preclude courts from revisiting issues that were decided explicitly or by necessary implication in a prior appeal. Luckey v. Miller, 929 F.2d 618, 621 (11th Cir. 1991). The law-of-the-case doctrine bars reconsideration of an issue that we previously decided unless: (1) there exists new evidence that is substantially different; (2) controlling authority since has made a contrary decision of the law applicable to such issue; or (3) the decision was clearly erroneous and would work a manifest injustice. United States v. Escobar-Urrego, 110 F.3d 1556, 1561 (11th Cir. 1997).

Because we held in Ivory's appeal from the denial of his Rule 41(e) motion that he had received sufficient notice of the forfeiture action, and no exceptions to

3

the law of the case doctrine are applicable, the district court did not err in finding that the doctrine precluded review of Ivory's claims raised in his Rule 60(b) motion, which were based on his contention that he received insufficient notice of the forfeiture proceedings.

**AFFIRMED**