[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 31, 2008
THOMAS K. KAHN
CLERK

----------------------------------------

No. 07-11137
Non-Argument Calendar

----------------------------------------

D.C. Docket  No. 93-00470-CR-WMH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEORGE LOPEZ, a.k.a. El Tio,
a.k.a. Pana,

Defendant-Appellant.

-------------------------------------
Appeal from the United States District Court
for the Southern District of Florida
-------------------------------------

**(July 31, 2008)**

Before EDMONDSON, Chief Judge, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

George Lopez appeals the district court's order refusing to enforce its prior

order directing that he continue to receive social security benefits while he was

imprisoned.  While the district court correctly refused to enforce the order, we

conclude that the court erred in failing to vacate the order; we remand for additional proceedings.

The pertinent facts about the district court's February 2001 order -- made nunc pro tunc to September 1994[1] -- directing that Lopez's social security benefits continue while he was in prison (the "Benefits Order") are recited in a prior opinion of this Court. See United States v. Lopez, No. 03-11988 (11th Cir. Dec. 28, 2004) (unpub.). Lopez filed that earlier appeal after the district court granted the Social Security Commissioner's (acting through the government in Lopez's criminal case) Fed.R.Civ.P. 60(b) motion for relief from the Benefits Order based on the court's misapplication of section 862(e). We noted that the district court had indeed misapplied section 862(e) in entering the Benefits Order, but concluded that the court lacked subject-matter jurisdiction to correct its error in a criminal case via Rule 60(b) because that rule applies only to civil cases. See id., manuscript op. at 5-7. We remanded and directed that the order granting Rule 60(b) relief be vacated.

---

[1]This date is when Lopez pled guilty to a drug conspiracy charge and first asked the court to enter an order directing that he continue to receive social security benefits while in prison based on his cooperation with the government, 21 U.S.C. § 862(e). The district court did not sentence Lopez until 1999 and did not then take up the issue of social security benefits. The Social Security Administration ("SSA") continued to pay his benefits until March 2000 when it learned of his incarceration.

On remand, the district court vacated the order granting Rule 60(b) relief. After writing several letters to the SSA asking it to comply with the Benefits Order, Lopez filed a motion to show cause why the Commissioner should not be held in civil contempt for failure to abide by the Benefits Order and seeking enforcement of the Order. The Commissioner, again acting through the government, argued that the district court had no jurisdiction to enter the Benefits Order and, thus, the Commissioner could not be held in contempt. The district court concluded that it had entered the Benefits Order in error and declined to hold the SSA in contempt, but ordered the government to brief the jurisdiction issue so it could determine if there was a basis to now vacate the Order. The government repeated its arguments that the Order was entered without jurisdiction and stated that the district court could not compel its enforcement. The district court questioned its own jurisdiction to direct that social security benefits be continued, but declined either to compel enforcement of the Benefits Order or to vacate it.

On appeal, Lopez argues that the district court erred in refusing to enforce the Benefits Order because the government did not timely appeal it or provide a legal basis for the court to vacate it.[2] The government again argues that the district

---

[2]Lopez does not challenge the district court's order refusing to hold the Commissioner in contempt. And Lopez does not argue, nor has he argued at any point in these proceedings, that the Benefits Order correctly was entered.

court lacked subject-matter jurisdiction to enter the Order. The validity of a district court's underlying order is a question of law subject to our plenary review. See United States v. Koblitz, 803 F.2d 1523, 1527 n.12 (11th Cir. 1986). We must consider the question of subject-matter jurisdiction "sua sponte at every stage of the proceedings." Allapattah Servs., Inc. v. Exxon Corp., 362 F.3d 739, 753 (11th Cir. 2004). We review questions about the district court's subject-matter jurisdiction de novo. United States v. Perez, 956 F.2d 1098, 1101 (11th Cir. 1992).

The Social Security Act sets out the exclusive means of judicial review of a decision on social security benefits. See 42 U.S.C. § 405 (outlining the procedures for obtaining benefits and challenging the denial of benefits). That the district court's Benefits Order was jurisdictionally defective is clear: contrary to 42 U.S.C. § 405(g) and (h), the order was entered without a final decision of the Commissioner and without the SSA's being a party to the proceeding. Because Lopez failed to follow procedures that would allow for judicial review of the administrative process, the district court had no power to issue the Benefits Order directing the Commissioner to continue Lopez's social security benefits.[3]

---

[3]Section 862(e), the statute relied upon by the district court to order the continuation of benefits, plainly is inapplicable to Lopez. Under 21 U.S.C. § 862(a)(1)(A), a district court has discretionary authority to declare certain defendants convicted of drug crimes ineligible for federal benefits. But

While the district court correctly determined that the Benefits Order was invalid, it failed to remedy its lack of subject-matter jurisdiction.[4] That the court did not immediately recognize its error and that the government did not provide the district court with a basis to vacate the Order are unimportant. See United States v. Cotton, 122 S.Ct. 1781, 1785 (2002) ("[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived. Consequently, defects in subject-matter jurisdiction require correction regardless of whether the error was raised in district court.") (emphasis added); see also Univ. of. S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) (a federal court is obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking).

---

the term "federal benefit" specifically excludes social security benefits. 21 U.S.C. § 862(d)(1)(B). So, Lopez's participation in the witness protection program did not bear on his eligibility to receive social security benefits. And Lopez plainly was unentitled to social security benefits while he was incarcerated. See 42 U.S.C. § 402(x)(1)(A)(i) (explicitly stating that social security benefits shall not be paid to a person while that person is incarcerated). Thus, the Benefits Order is a nullity and need not be obeyed. See In re Novak, 932 F.2d 1397, 1401-02 (11th Cir. 1991) (orders that are entered without subject-matter jurisdiction or transparently are invalid are deemed a nullity and need not be obeyed).

[4]The district court apparently thought it had no authority to sua sponte vacate the order and noted that it was "unfortunate that [Lopez's] counsel did not direct the Court to the proper statutory authority, and the court did not immediately discover its own error." The district court also noted that it was "not inclined to go beyond the direction of the appellate court." But our prior panel opinion did not address the district court's subject-matter jurisdiction to enter the underlying order.

5

Where a district court lacks subject-matter jurisdiction over a claim, it should dismiss it. See id. ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.") (internal citation and quotation omitted). Accordingly, we vacate the district court's order refusing to enforce or vacate the Benefits Order and remand the matter to the district court to vacate the Benefits Order for lack of subject-matter jurisdiction.[5]

VACATED AND REMANDED.

---

[5]Lopez argues that the law-of-the-case doctrine precludes the district court from vacating the Benefits Order for lack of subject-matter jurisdiction because this Court, in its prior panel opinion, implicitly rejected the government's argument that the district court lacked subject-matter jurisdiction to enter the order. Under the law-of-the-case doctrine, parties may not relitigate, and we may not reconsider, issues that were decided in an earlier appeal of the same case. See United States v. Jordan, 429 F.3d 1032, 1035 (11th Cir. 2005). But the prior panel decision was limited to the unavailability of Rule 60(b) relief to correct an error in a criminal case; it did not comment on whether the district court had jurisdiction to enter the underlying order in the first instance. See Luckey v. Miller, 929 F.2d 618, 621 (11th Cir. 1991) (the doctrine "does not bar consideration of matters that could have been, but were not, resolved in earlier proceedings").