[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 23, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10360
Non-Argument Calendar

_____

D. C. Docket No. 93-00196-CR-T-17-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUCAS LOPEZ,

Defendant-Appellant.

_____

No. 08-10361
Non-Argument Calendar

_____

D.C. Docket No. 93-00196-CR-T-17-EAK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BENITO LOPEZ,
a.k.a. Benny,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

**(October 23, 2008)**

Before BIRCH, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

In this consolidated appeal from sentences for conspiracy to import and distribute cocaine, Lucas Lopez and Benito Lopez appeal pro se the district court's denial of their motions for sentence reductions, pursuant to 18 U.S.C. § 3582(c)(2).[1] We AFFIRM.

## I. BACKGROUND

Lucas Lopez was convicted by a jury in 1994 of conspiracy to distribute five kilograms or more of cocaine and conspiracy to import five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846 and 963. His co-conspirator, Benito Lopez, pled guilty to conspiracy to import cocaine, in violation of 21 U.S.C. § 963. The district court sentenced Lucas and Benito Lopez to 360 months of

_____

[1] Because they involve the same issue and virtually identical facts, this court on its own motion has consolidated these cases for consideration on appeal.

imprisonment. We affirmed Lucas Lopez's convictions and sentence.  See United States v. Lopez, No. 94-2531 (11th Cir. Apr. 27, 1995) (per curiam). Benito Lopez did not directly appeal his conviction or sentence.

In December 1995, Lucas Lopez filed his first motion pursuant to 18 U.S.C. § 3582(c)(2), claiming that he was entitled to a sentence reduction based on Amendment 505, which lowered the maximum base offense level under U.S.S.G. §§ 2D1.1(c) for cocaine offenses involving 150 kilograms or more of cocaine from 42 to 38.  See U.S.S.G. App. C., amend. 505 (Nov. 1, 1994).  In light of the large quantity of cocaine involved in the conspiracy, the district court determined that Lopez would have received the same sentence under the amended guideline and denied the motion accordingly. See United States v. Lopez, No. 96-2719 (11th Cir. June 10, 1997) (per curiam). We affirmed, holding that the district court was within its discretion to conclude that a sentence reduction was not warranted or justified. See id.

In August 1997, Lucas Lopez raised the same claim in a second § 3582(c)(2) motion.  That same month, Benito Lopez filed his first § 3582(c)(2) motion, in which he similarly contended that he was entitled to a reduced sentence under Amendment 505 because it lowered his base offense level from 42 to 38. The district court denied the motions and both appeals subsequently were dismissed for

3

failure to prosecute.

In 2002, Lucas Lopez and Benito Lopez filed additional § 3582(c)(2) motions, in which they reasserted their claims for sentence reductions based on Amendment 505. In the consolidated appeal that followed the district court's denial of their respective motions, we affirmed, concluding that the law-of-the-case doctrine precluded Lucas and Benito Lopez from re-litigating their challenges to their sentences in successive § 3582(c)(2) motions. See United States v. Lopez, No. 02-12516 (October 17, 2002).

In 2007, Lucas and Benito Lopez filed the instant identical § 3582(c)(2) motions for sentence reductions based on Amendment 505. The government responded to both motions, contending that they were due to be denied for the same reasons their previous motions had been denied. On 27 December 2007, the district court issued separate orders incorporating the government's responses and denying the motions. These appeals followed.

## II. DISCUSSION

On appeal, both Lucas and Benito Lopez argue that the district court erred in denying their § 3582(c)(2) motions because they are entitled to sentence reductions based on Amendment 505. The government responds that the district court properly denied the motions under the law-of-the-case doctrine and, alternatively,

4

that the motions were without merit.

Section 3582(c)(2) grants district courts discretion to reduce a previously imposed sentence where, as here, the applicable guideline range was lowered as a result of a retroactively applicable amendment to the Guidelines Manual by the Sentencing Commission. See 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a); see also § 1B1.10(c) (permitting retroactive application of Amendment 505). We review a district court's decision not to reduce a defendant's sentence pursuant to § 3582(c)(2) for an abuse of discretion. See United States v. Brown, 332 F.3d 1341, 1343 (11th Cir. 2003).

"Under the law of the case doctrine, both the district court and the court of appeals are bound by findings of fact and conclusions of law made by the court of appeals in a prior appeal of the same case unless (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to that issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." United States v. Stinson, 97 F.3d 466, 469 (11th Cir. 1996) (per curiam). Accordingly, where none of the exceptions applies, courts may not revisit issues that were decided both explicitly and by necessary implication in a prior appeal. See Luckey v. Miller, 929 F.2d 618, 621 (11th Cir. 1991); see United States v. Escobar-Urrego, 110 F.3d 1556, 1561-62

(11th Cir. 1997) (applying the law-of-the-case doctrine in the context of § 3582(c)(2) to prohibit re-litigation of drug quantity).

Because we fully considered and rejected Lucas and Benito Lopez's claims that they are entitled to sentence reductions under § 3582(c)(2) based on Amendment 505 in a prior appeal, and none of the exceptions to the law-of-the-case doctrine applies, the district court was bound by our previous decision and thus did not abuse its discretion in denying the motions. Accordingly, we **AFFIRM.**