[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 6, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13188
Non-Argument Calendar

_____

D. C. Docket Nos. 00-00140-CV-BAE-6
96-00004-CR-BAE

KYLE MICHAEL BREWER,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(March 6, 2009)**

Before DUBINA, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Appellant Kyle Michael Brewer, a federal prisoner, appeals the district court's denial of his Fed.R.Civ.P. 60(b) motion "to recall judgment" in a 28 U.S.C. § 2255 action, and its subsequent denial of his motion for reconsideration of that decision. As relevant to this appeal, following the court's denial of his Rule 60(b) motion, Brewer filed the instant motion for reconsideration, which the district court denied, relying on the law of the case doctrine, because we previously had denied Brewer relief on his § 2255 claims. The district court then granted Brewer a certificate of appealability ("COA") because it found "judicial disagreement" over the validity of the law of the case doctrine. On appeal, Brewer argues that the district court abused its discretion by denying his Rule 60(b) motion, as it was a true Rule 60(b) motion that challenged the district court's order denying his § 2255 motion based on a procedural bar, and not a successive § 2255 motion. Because of the limited scope of the COA, however, we will address only the court's denial of Brewer's motion for reconsideration.

"We review *de novo* the district court's application of the law of the case doctrine." *Alphamed, Inc. v. B. Braun Med., Inc.*, 367 F.3d 1280, 1285 (11th Cir. 2004). "Under the law of the case doctrine, both district courts and appellate courts are generally bound by a prior appellate decision in the same case." *Id.* at 1285–86. The doctrine operates to preclude courts from revisiting issues that were

2

decided explicitly or by necessary implication in a prior appeal. *Luckey v. Miller*, 929 F.2d 618, 621 (11th Cir. 1991). It will bar us and the district courts from reconsidering an issue that we previously have decided, unless: (1) "the evidence on a subsequent trial was substantially different;" (2) "controlling authority has since made a contrary decision of the law applicable to such issues;" or (3) "the decision was clearly erroneous and would work a manifest injustice." *United States v. Escobar-Urrego*, 110 F.3d 1556, 1561 (11th Cir. 1997) (quoting *White v. Murtha*, 377 F.2d 428, 431-32 (5th Cir. 1967)).

We conclude that the law of the case doctrine precluded the district court from revisiting those issues that Brewer raised in his Rule 60(b) motion. Thus, the district court properly denied Brewer's motion for reconsideration.

**AFFIRMED.**