[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16309
Non-Argument Calendar
_____

D.C. Docket No. 8:10-cr-00041-JDW-AEP-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CEDRIC WILLIAMS,
a.k.a. Pain,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 2, 2014)

Before HULL, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Cedric Williams appeals his sentence of 60 months of imprisonment,

imposed following a remand for resentencing under the Fair Sentencing Act of

2010.  Williams argues that the district court erred by imposing a mandatory minimum sentence based on a drug quantity that was not alleged in the indictment or submitted to a jury, see Alleyne v. United States, 570 U.S. ___, 133 S. Ct. 2151 (2013), and that the district court exceeded the limited scope of our mandate when it considered whether Williams was ineligible for federal benefits, see 21 U.S.C. § 862(a)(1)(C).  We affirm.

Any error in sentencing Williams to a mandatory minimum sentence based on a drug quantity that was not alleged in his indictment was harmless beyond a reasonable doubt.  Williams admitted, by failing to object to the facts in his presentence investigation report, that he was responsible for 32.24 grams of crack cocaine, see United States v. Beckles, 565 F.3d 832, 844 (11th Cir. 2009), which serves as the equivalent to a finding by a jury beyond a reasonable doubt that Williams distributed more than 28 grams of cocaine base, see United States v. Booker, 543 U.S. 220, 244, 125 S. Ct. 738, 756 (2005) ("Any fact . . . which is necessary to support a sentence exceeding the maximum authorized . . . [may] be admitted by the defendant.").  Because the "record does not contain evidence that could rationally lead to a contrary finding with respect to drug quantity," any error by the district court was harmless.  United States v. Anderson, 289 F.3d 1321, 1327 (11th Cir. 2002).

2

The district court also did not violate our mandate.  "[O]ur mandates do not bar consideration of matters that could have been, but were not, resolved in earlier proceedings."  United States v. Crape, 603 F.3d 1237, 1241 (11th Cir. 2010) (quoting Luckey v. Miller, 929 F.2d 618, 621 (11th Cir.1991)) (internal quotations and alterations omitted).  Although Williams did not challenge the finding in his presentence investigation report that he was ineligible for federal benefits under section 862(a)(1)(C), see Beckles, 565 F.3d at 844, that issue was not mentioned during his first sentencing hearing or in the written judgment.  The district court did not violate our mandate by deciding while the case was on remand that Williams was ineligible for federal benefits.  See Crape, 603 F.3d at 1241.  Williams does not challenge the substance of that ruling on appeal.  See United States v. Curtis, 380 F.3d 1308, 1310 (11th Cir. 2004).

We **AFFIRM** Williams's sentence.