[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11759
Non-Argument Calendar

_____

D.C. Docket No. 1:14-cv-01188-RWS


MYRA FURCRON,

                                                            Plaintiff-Appellee,

versus

MAIL CENTERS PLUS, LLC,

                                                            Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 3, 2021)

Before WILSON, MARTIN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Mail Centers Plus, LLC (MCP) appeals the district court's order awarding attorney's fees to Myra Furcron, a plaintiff in an action alleging sexual harassment under the Civil Rights Act of 1964 (Title VII).  A jury found MCP liable under Title VII but declined to award damages.  The district court then granted Furcron's post-trial motion for equitable relief and her motion for attorney's fees.  On appeal, we vacated in part the grant of equitable relief.  Having modified the equitable relief, we also remanded the award of attorney's fees for the district court to determine whether MCP's $20,000 offer of judgment—made early in the litigation—was more favorable than the remaining relief.  If so, Furcron would not be entitled to attorney's fees.  The district court again awarded attorney's fees, holding that Furcron had obtained an outcome that was more favorable than the offer of judgment.  MCP argues that the district court erred because the remaining equitable relief was either unenforceable or had a *de minimis* value.  It also argues that the district court erred in failing to adjust the award of attorney's fees to account for the part of the relief that had been vacated.  After careful review, we affirm.

## I.    BACKGROUND

2

This case has a lengthy procedural history and factual background. We recount only what is relevant to this appeal.

## A.    Initial District Court Proceedings and First Remand

In 2008, Myra Furcron began working for MCP as a mailroom clerk. MCP transferred Furcron in 2010 to work as a distribution clerk onsite at the Coca-Cola Company in the receiving dock department. Furcron alleged that during the time she worked as a distribution clerk, another MCP employee sexually harassed her, and that after she complained, MCP retaliated by terminating her employment. Furcron filed suit in state court, alleging that: (1) an MCP employee's sexual harassment created a hostile work environment, in violation of her rights under Title VII; and (2) MCP retaliated against her when she opposed the harassment, in violation of her rights under Title VII. MCP removed the action to federal court.

In September 2014, after discovery had commenced, MCP filed a Rule 68 offer of judgment with the district court in which it offered Furcron $20,000 in satisfaction of all liability, including costs and attorney's fees. Furcron did not accept the offer. Then, in September 2015, the district court granted MCP summary judgment as to both of Furcron's claims. On appeal, we affirmed the grant of summary judgment on the retaliation claim but vacated and remanded on the sexual harassment claim. *Furcron v. Mail Ctrs. Plus, LLC*, 843 F.3d 1295, 1315 (11th Cir. 2016).

3

The sexual harassment claim proceeded to trial in February 2018.  After trial, the jury found that an MCP employee harassed Furcron because of her gender, the harassment created a hostile work environment, Furcron's supervisor knew or should have known of the hostile work environment, and Furcron's supervisor failed to take prompt remedial action to eliminate the hostile work environment.  While the jury found that Furcron had suffered damages because of the hostile work environment, it did not award monetary relief for her emotional pain and mental anguish.  Judgment was entered for Furcron.

Furcron filed post-trial motions, including motions for a new trial on damages, for equitable relief, and for attorney's fees.  The district court denied Furcron's motion for a new trial.  It granted in part and denied in part her motion for equitable relief.  Specifically, the district court ordered MCP to (1) place a copy of the verdict in Furcron's personnel file if MCP included documents relating to Furcron's termination in her personnel file; and (2) to re-train its management on Title VII compliance.  And the district court granted Furcron's motion for attorney's fees and expenses, determining that she was the prevailing party and that she was entitled to $279,490 in attorney's fees and $5,506.56 in costs.[1]

---

[1] This figure was based on the hourly rates provided by Furcron, multiplied by the total number of hours provided by Furcron.  The hours were reduced by 30% to account for the work performed before the dismissal of the retaliation claim was affirmed on appeal and by 20% for the work performed after that time, except for time spent on the fee petition.

4

**B.**    ***Furcron I*** **and** ***II*****: Decisions on Appeal Regarding Equitable Relief and Attorney's Fees**

MCP appealed the district court's order of equitable relief.  We vacated the order to the extent that it required MCP to implement Title VII training.  But we affirmed the order "to the extent that it require[d] MCP to include a copy of the complaint and verdict in Furcron's personnel file."  *Furcron v. Mail Centers Plus, LLC*, 774 Fed. App'x 592, 596 (11th Cir. 2019) (per curiam) (*Furcron I*).

Separately, MCP appealed the district court's order awarding attorney's fees.  MCP argued "that the district court abused its discretion by granting Furcron's motion for attorneys' fees because Furcron declined MCP's $20,000 offer of judgment early in the litigation, and then failed to obtain an outcome that was more favorable than that offer."  *Furcron v. Mail Centers Plus, LLC*, 776 Fed. App'x 622, 623 (11th Cir. 2019) (per curiam) (*Furcron II*).  We vacated the district court's order awarding attorney's fees, reasoning that when the district court determined that Furcron's equitable relief was more favorable than MCP's Rule 68 offer, it had relied in part on the existence of the Title VII training injunction.  Because we vacated that relief in *Furcron I*, remand was appropriate to allow the district court to consider whether the remaining relief was more favorable than MCP's Rule 68 offer of judgment of $20,000.

5

### C.    Proceedings after *Furcron I* and *II*

On remand, the district court determined that the remaining relief was more favorable than MCP's Rule 68 offer of $20,000.  It found that the fees and costs Furcron had accrued at the time of the offer exceeded $20,000.  Second, it determined that, even though the value of the equitable relief was difficult to quantify, it had more than a *de minimis* value because it provided Furcron with peace of mind as to her personnel records.  The district court further reasoned that MCP's characterization of itself as a victim post-trial showed a disregard for the gravity of the jury's findings, thus reinforcing the importance of the equitable relief granted.  Because the district court concluded that the remaining relief was more favorable than MCP's Rule 68 offer of $20,000, the court concluded that Furcron was entitled to $284,996.56 in attorney's fees and costs as previously ordered.  This appeal followed.

## II.    STANDARD OF REVIEW

We review de novo the district court's interpretation of Federal Rule of Civil Procedure 68.  *Util. Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc.*, 298 F.3d 1238, 1240 (11th Cir. 2002).  And we review an award of attorney's fees in a Title VII action for abuse of discretion. *Bonner v. Mobile Energy Servs. Co.*, 246 F.3d 1303, 1304 (11th Cir. 2001) (per curiam).

6

## III.    DISCUSSION

On appeal, MCP argues that the district court erred in granting Furcron attorney's fees as a prevailing party for three reasons.  First, the equitable relief awarded was unavailable to Furcron, rendering it valueless and moot.  Therefore, the equitable relief did not make Furcron a prevailing party, nor is it more favorable than the offer of judgment.  Second, even if the equitable relief had some value, it was *de minimis*.  And the district court did not adequately analyze Furcron's new degree of success based on the remaining equitable relief.  Third, the district court improperly assessed attorney's fees against MCP as a deterrent.

We begin with the question of whether Furcron is a prevailing party.  In a Title VII action, the district court may allow the "prevailing party" to recover a reasonable attorney's fee as part of the costs.  42 U.S.C. § 2000e-5(k).  The question of whether a party is the "prevailing" party centers on whether there has been a "material alteration of the legal relationship of the parties."  *CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642, 1646 (2016).  A plaintiff can become a prevailing party by obtaining either monetary or equitable relief.  *Canup v. Chipman-Union, Inc.*, 123 F.3d 1440, 1442 (11th Cir. 1997).

MCP argues that "the relationship between the parties was not altered because no equitable relief was available to be awarded to Plaintiff."  The reason, MCP argues, is that the district court's order to place a copy of the verdict in

7

Furcron's personnel file included a condition precedent: the relief was required only if other documents referencing Furcron's termination were included in her personnel file. MCP argues that this condition precedent has not been met, and that "Plaintiff's personnel file is no longer available as it was destroyed based on MCP's retention policy."

Furcron counters that, under the "law of the case" doctrine, MCP waived this argument in *Furcron I*. The law of the case doctrine provides that "previously decided" issues—findings of fact and conclusions of law made by an appellate court—are generally binding in subsequent proceedings in the same case. *Luckey v. Miller*, 929 F.2d 618, 621 (11th Cir. 1991). An extension of this rule is that when a party waives a legal argument in an earlier appeal, it waives the right to raise that argument in a later appeal. *See United States v. Escobar-Urrego*, 110 F.3d 1556, 1560 (11th Cir. 1997).

That is what happened here. MCP made essentially the same argument that it now makes—that the condition precedent renders Furcron's equitable relief unavailable—for the first time in its reply brief in *Furcron I*.[2] *See Sapuppo v.*

---

[2] In its reply brief in *Furcron I*, MCP argued that "Plaintiff's requested equitable relief is unavailable," reasoning in part that:

> [T]he district court limited this relief, i.e. inclusion of the verdict is only required if her personnel file includes documents that reference her termination. MCP has not included the verdict in Plaintiff's personnel file because it does not contain documents that reference her termination. Therefore, the relief that Plaintiff has requested,

8

*Allstate Floridian Ins. Co.*, 739 F.3d 678, 683 (11th Cir. 2014) (holding that a party abandons an issue by raising it for the first time in its reply brief).  Therefore, we agree with Furcron that MCP waived this argument in *Furcron I*, where we affirmed the district court's order "to the extent that it requires MCP to include a copy of the complaint and verdict in Furcron's personnel file."  *Furcron I*, 774 Fed. App'x at 596.  We explained that "[t]he court was entitled to fashion the 'most complete relief possible,' and Furcron would benefit from having those documents included in her file to provide the full context of her employment."  *Id.* at 596–97.  Any facts that may have since developed, including the destruction of Furcron's personnel file, are immaterial to whether Furcron is a prevailing party for the purposes of attorney's fees.  *See Thomas v. Bryant*, 614 F.3d 1288, 1294 (11th Cir. 2010) (explaining that an intervening event that renders the case moot does not strip plaintiffs of prevailing party status for the purposes of attorney's fees).

Having obtained equitable relief against MCP that benefitted her at the time of the judgment, Furcron became a prevailing party.  And the district court could, therefore, award her attorney's fees, unless MCP's Rule 68 offer was more

which the district court did not specifically grant, has not been executed.

9

favorable than the relief that she received. *See* 42 U.S.C. § 2000e-5(k); Fed. R. Civ. P. 68(d).

Rule 68 provides that a party that is defending a claim may serve an opposing party with an offer to allow judgment on specified terms, with the costs accrued up to that point. Fed. R. Civ. P. 68(a). If the served party does not accept the offer and the judgment that she ultimately receives "is not more favorable" than the offer, she must pay the costs incurred after the offer was made, and she may not recover her own costs if the offer was reasonable. *Id.* 68(d); *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 356 (1981). However, costs incurred prior to a Rule 68 offer should be added to damages awarded to determine whether the ultimate recovery was more favorable than the offer. *Marek v. Chesny*, 473 U.S. 1, 9 (1985).

Here, the district court determined that "[t]he accrued fees and costs of Plaintiff at the time Defendant made its offer exceeded $20,000." Therefore, based on her pre-offer costs alone, the offer of judgment does not prevent Furcron from collecting fees, regardless of the specific value assigned to the equitable relief.

Next, we address MCP's argument that the district court did not adequately review Furcron's degree of success, in light of the existing equitable relief. "[T]he court's 'central' responsibility [is] to 'make the assessment of what is a reasonable fee under the circumstances of the case.'" *Farrar v. Hobby*, 506 U.S. 103, 114–

10

115 (1992).  MCP correctly notes that the plaintiff's degree of success is "the most critical factor in determining the reasonableness of an attorney's fee award."  *Gray ex rel. Alexander v. Bostic*, 720 F.3d 887, 894 (11th Cir. 2013).  And the "court may reduce a[n] . . . award when the degree of success obtained is limited, even when a plaintiff obtains a favorable jury verdict."  *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1306 (11th Cir. 2001).

Therefore, in light of our decision in *Furcron I*, the district court might have determined that Furcron's degree of success merited a reduced award.  However, the district court did not abuse its discretion by awarding the same amount of fees on remand.  The district court referenced its prior order awarding attorney's fees, where it addressed Furcron's degree of success, reducing the award by 30% for the work performed before we affirmed the dismissal of the retaliation claim and by 20% for the work performed thereafter, except for time spent on the fee petition. Further, the district court emphasized the importance of the existing equitable relief Furcron obtained.  While the district court could have reduced the award in light of the existing equitable relief, it was not required to do so.  Accordingly, we do not find that the district court abused its discretion by awarding attorney's fees that were unreasonable under the circumstances of this case.  *See Farrar*, 506 U.S. at 115.

11

Finally, we address MCP's argument that the district court improperly awarded attorney's fees to deter "employers from defending themselves in cases where they have a good faith belief that they did not violate an employee's rights." MCP points to language in the district court's order where the court stressed that MCP did not seem to appreciate the gravity of the jury's findings, and that MCP "may wish to voluntarily consider reevaluating its approach to the issue of sexual harassment."

It is true that in the context of a 42 U.S.C. § 1988 action where the plaintiff was awarded nominal damages, we have determined that the district court abused its discretion in awarding attorney's fees to the plaintiff because, in part, it expressly ordered the fees to serve as a deterrent. *Gray*, 720 F.3d at 899. But here, although the district court expressed disapproval at MCP's conduct, it did so in the context of emphasizing the importance of Furcron's equitable relief—it did not state that it was awarding attorney's fees to serve as a deterrent. Accordingly, we affirm the district court's order awarding attorney's fees.

**AFFIRMED.**

12